IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBERT RAY HUTSON, | § | |
| TDCJ #1063914, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3271 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Wilbert Ray Hutson is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Hutson has filed a petition seeking federal habeas corpus relief from a state court conviction under 28 U.S.C. § 2254. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.   PROCEDURAL HISTORY**

Hutson reports that he was convicted of aggravated assault with a deadly weapon in 2001, by a jury in the 183rd District Court of Harris County, Texas. (Cause No. 875569). The trial court imposed a ten-year prison term. That conviction was affirmed on direct appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Hutson v. State*, No. 14-01-01097-CR, 2002 WL 31426175 (Tex. App. — Houston [14th

Dist.] Oct. 10, 2002, pet. ref'd). Thereafter, Hutson's request for post-conviction DNA testing was denied. That decision was also affirmed on direct appeal. *See Hutson v. State*, No. 14-04-00414-CR, 2005 WL 975700 (Tex. App. — Houston [14th Dist.] April 28, 2005, pet ref'd). Hutson remains incarcerated in TDCJ, at the Ellis Unit in Huntsville.

In the pending federal habeas corpus petition, which is dated October 6, 2006, Hutson complains that he was denied access to forensic DNA testing in violation of state law and in violation of the right to due process. Hutson claims further that, absent forensic DNA testing, there is a "total absence of evidence to support the conviction" and that the State has failed to present "favorable evidence" to the jury. In addition, Hutson claims that the deadly weapon finding made by the jury in this case enhanced his sentence beyond the "prescribed sentencing guidelines as recommended by the federal government[.]" Finally, Hutson claims that there was "no evidence" presented at trial to show that he had "prior knowledge that a deadly weapon was to be used or exhibited in the commission of a crime."

The petition presented by Hutson appears barred by the governing one-year statute of limitations on federal habeas corpus review. *See* 28 U.S.C. § 2244(d). Hutson is well aware of the limitations bar because a prior federal habeas corpus petition challenging the same conviction was dismissed for this reason. *See Hutson v. Dretke*, Civil Action No. H-05-1163 (S.D. Tex.). Hutson's request for a certificate of appealability in that case remains pending in the United States Court of Appeals for the Fifth Circuit. *See Hutson v. Dretke*, No. 05-20559 (5th Cir.). Accordingly, the pending petition is subject to dismissal for reasons discussed briefly below.

## II.     DISCUSSION

The statute of limitations is not the only procedural hurdle that Hutson must clear in this federal habeas corpus proceeding.  This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000).  In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id*.; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  The claims in this case, which primarily involve challenges to the sufficiency of the evidence, could have and should have been presented previously.  Thus, the pending petition meets the "second or successive" criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.  *See* 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The petitioner has not presented the requisite authorization.  Absent such authorization, this Court lacks jurisdiction over the petition.  *Id.* at 775.  Accordingly, the petition must be dismissed as an unauthorized successive writ.

## III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction as an unauthorized successive petition.

3. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **November 2, 2006.**

_____
Nancy F. Atlas
United States District Judge

Case 4:06-cv-03271   Document 5   Filed in TXSD on 11/02/06   Page 6 of 6